IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohammad Ali,<br><br>    Petitioner,<br><br>vs.<br><br>Phillip Crawford, Field Officer Director, ICE; Alberto Gonzales,<br><br>    Respondents. | No. CIV 06-1149-PHX-EHC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

Mohammad Ali filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 24, 2006, arguing that his detention for four years while his removal proceedings have been pending is unlawful. *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005). The Court agrees and recommends that his petition be granted.

**BACKGROUND**

Ali is a native and citizen of Fiji, admitted into the United States on February 9, 1989 as a lawful permanent resident (Doc. #11, Exh 1). On September 22, 1999, Ali was convicted in California Superior Court for Possession of a Controlled Substance, methamphetamine, in violation of section 11377(A) of the California Health and Safety Code, and for Vehicle Theft/Taking a Vehicle Without the Owner's Consent, in violation of section 10851(A) of the California Vehicle Code. Following a revocation of his probation, he was sentenced to 16 months and two years respectively (*Id.*, Exh 2).

On February 13, 2003, the Department of Homeland Security (DHS) issued a Notice to Appear, charging Ali with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii), alleging that at any time after admission he had been convicted of an aggravated felony as defined in section 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), relating to the illicit trafficking in a controlled substance and under section 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), relating to a theft offense for which the term of imprisonment of at least 1 year was imposed (*Id.*, Exh 3). On March 17, 2003, Ali admitted the factual allegations *but contested the charges of removability* (*Id.*, Exh 4). The Immigration Judge designated Fiji as the country of removal; Ali requested withholding of removal and benefits under the Convention against Torture (*Id.*, Exh 4).

At the April 9, 2003 hearing, the Immigration Judge found both convictions to be particularly serious crimes, making Ali ineligible for withholding of removal. Because of his aggravated felony conviction, the Immigration Judge found that he was also not eligible for asylum. Finally, the Immigration Judge found that Ali had not established that it was more likely than not that he would be tortured if he returned to Fiji. Ali was ordered removed to Fiji; he reserved appeal (*Id.*, Exh 4, 5). On September 9, 2003, the Board of Immigration Appeals (BIA) dismissed his appeal (*Id.*, Exh 7). On October 2, 2003, Ali filed a petition for review with the Ninth Circuit; on February 24, 2004, the Ninth Circuit dismissed his petition for review for lack of jurisdiction (*Id.*, Exh 8, 9).

On April 6, 2004, Ali filed a petition for writ of habeas corpus in the District Court. *See Ali v. Gonzales*, CIV 04-0690-PHX-EHC (DKD). In his petition, Ali argued that his California state felony conviction for possession of a controlled substance did not qualify as an aggravated felony, citing the Ninth Circuit's initial opinion, later withdrawn, in *Cazarez-Gutierrez v. Ashcroft*, 356 F.3d 1015 (9th Cir. 2004). On July 20, 2005, the District Court ordered the case transferred to the Ninth Circuit Court of Appeals pursuant to section 106(c) of the REAL ID Act of 2005. On September 13, 2006, the Ninth Circuit granted the Government's motion to remand the petition for review to the BIA, in light of the intervening

- 2 -

decisions in *Cazarez-Gutierrez v. Gonzales*, 382 F.3d 905 (9th Cir. 2004) and *Penuliar v. Gonzales*, 435 F.3d 961 (9th Cir. 2006).[1]

## DISCUSSION

The Court notes initially that because of the Ninth Circuit's most recent stay of removal, the removal period has not commenced, and therefore 8 U.S.C. § 1226(c), and not § 1231, governs Ali's current detention. Respondents argue that although the requirement is not jurisdictional, the Court should decline to review the habeas petition because Ali does not allege that he ever requested bond or a bond hearing. Ali does not remain in custody because he failed to request bond; he is detained pursuant to DHS's most recent custody review and denial of release. Under these circumstances, the Court declines to require proof of a request for bond or a bond hearing as a prerequisite to filing a petition pursuant to 28 U.S.C. § 2241.

In addition, Respondents contend that Ali's detention during removal proceedings has been brief, and his current detention is lawful under *Demore v. Kim*, 538 U.S. 510 (2003), and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). They maintain further that the only reason Ali was detained on his first petition for review and in his first habeas proceeding (a period of almost one year) is because of his continued litigation, which has resulted in an extension of the removal period.

In *Kim*, where the alien had conceded deportability, "and hence, [was] subject to mandatory detention under § 1226(c)," 538 U.S. at 523, the Supreme Court held that mandatory detention pursuant to § 1226(c) was constitutional "for the brief period necessary for [his] removal proceedings." 538 U.S. at 512. Ali has never conceded deportability in this case. He makes the same argument in 2007 that he initially made four years earlier: his

---

[1] Although the Government has not provided the Court with the motion to remand, and the Ninth Circuit order filed by Ali does not reference the reason for remand, the Government noted the intervening decisions in its response. *See* Doc. #11 at 8, fn 1.

1 convictions do not constitute removable offenses or make him ineligible for withholding of
2 removal.

3 The situation that Ali finds himself in is similar to the alien's situation in *Zadvydas v.*
4 *Davis*, 533 U.S. 678 (2001), where "detention's goal is no longer practically attainable, [and]
5 detention no longer bears a reasonable relation to the purpose for which the individual was
6 committed." 533 U.S. at 690. In a situation where the alien concedes deportability, "[s]uch
7 detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing
8 prior to or during their removal proceedings, thus increasing the chance that, if ordered
9 removed, the aliens will be successfully removed." *Kim*, 538 U.S. at 527. Ali has never
10 conceded deportability.

11 Finally, this case is unlike *Kim*, where "the detention... is of a much shorter duration,"
12 with "a definite termination point." 538 U.S. at 529. It more closely resembles the situation
13 in *Zadvydas*, where the period of detention was "indefinite" and "potentially permanent."
14 533 U.S. at 690-91. The amount of time Ali has been detained for the administrative
15 proceedings *is still ongoing*, given the recent remand to the BIA - longer than the
16 proceedings in *Kim*, and even the time period in *Tijani*, with no "definite termination point."

17 The reasons for detention in this case are also similar to those in *Tijani*. In *Tijani*, the
18 alien's detention for almost two and one half years was "not the result of a criminal
19 conviction; nor is it because he faces imminent removal...[but] because the government *may*
20 be able to prove he is subject to removal." 430 F.3d at 1241 (Tashima, J, concurring)
21 (emphasis in original). As Judge Tashima explains, "Tijani was convicted in California of
22 offenses that have *never been found by a court or by the BIA to trigger mandatory*
23 *detention*...Today, nearly 30 months later, Tijani remains in mandatory detention while courts
24 continue to sort out whether his offenses actually fall within the reach of the mandatory
25 detention statute." 430 F.3d at 1241. (emphasis added). In this case, Ali, like Tijani, has
26 never *conceded* removability. The courts *and the administrative agencies* are "continu[ing]

27
28

- 4 -

1 to sort out whether his offenses actually fall within the reach of the mandatory detention
2 statute."

3 In *Tijani*, two-thirds of the time he had been detained was due to the length of the
4 administrative proceedings.[2] However, the Ninth Circuit also considered important the fact
5 that "the vast majority of Tijani's detention-over 22 of the nearly 30 months that have so far
6 elapsed-has occurred while the BIA *and this Court* have considered his appeals." *Tijani*, 430
7 F.3d at 1246 (emphasis added).  In this case, the majority of Ali's detention-41 of the 48
8 months that have so far elapsed-has also occurred either during the administrative
9 proceedings (which are still ongoing with no definite termination point), or due to his appeals
10 to the Ninth Circuit.  Although it did not necessarily occur as the result of "an *unreasonable*
11 delay by the INS in pursuing and completing deportation proceedings," the Court finds that
12 detention for a period of *four years* is by reason of the sheer length of time unreasonable and
13 no longer justified.  It is not the "expedited removal" required by *Tijani*.  Instead, it has
14 reached the point where it has "become necessary then to inquire whether the detention is not
15 to facilitate deportation, or to protect against risk of flight or dangerousness, but to
16 incarcerate for other reasons." *Kim*, 538 U.S. at 532 (Kennedy, J., concurring).

17 **IT IS THEREFORE RECOMMENDED** that Mohammad Ali's petition for writ of
18 habeas corpus be **GRANTED** (Doc. #1).

19 **IT IS FURTHER RECOMMENDED** that the District Court order Ali's release from
20 custody under an order of supervision, or in the alternative order Respondents, within 60
21 days of the District Court's Order, to provide a hearing to Ali before an immigration judge
22 with the power to grant him bail unless Respondents establish that he is a flight risk or will
23 be a danger to the community.

---

[2]"[T]he IJ took almost seven months to issue his decision; the BIA took just short of an additional 13 months."  430 F.3d at 1241, n.3 (Tashima, J., concurring).

- 5 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 16th day of February, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 6 -